Mr. Barry Emigh 1720 Arrowhead Road, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of a popular name and ballot title for a proposed amendment to the Arkansas Constitution. You have previously submitted popular names and ballot titles for a number of similar proposed measures, which I have rejected on the grounds of certain ambiguities in the text of the proposed measures. See, e.g., Op. Att'y Gen. Nos. 99-402 and 99-388. You have made textual changes since the issuance of these opinions, and now submit the following new proposed popular name and ballot title for my certification:
 (POPULAR NAME) GAMES OF CHANCE AND SKILL AND OFF TRACK PARI-MUTUEL WAGERING AS A LOCAL BALLOT OPTION
 (BALLOT TITLE) AMENDMENT TO PROVIDE ANYONE OR GROUP THE RIGHT TO INITIATE AND PETITION THE LEGAL VOTERS OF A COUNTY AND CITIES OF THE FIRST CLASS AND SECOND CLASS WITHIN THE PROVISIONS OF AMENDMENT 7 OF THE CONSTITUTION OF THE STATE OF ARKANSAS TO ACCEPT OR REJECT BY THE LEGAL VOTERS AS A WHOLLY SEPARATE LOCAL BALLOT OPTION THE OPERATION OF PAY TO PLAY GAMES OF CHANCE, BINGO, RAFFLES AND LOTTERIES OPERATED BY NON PROFIT ORGANIZATIONS AS AN INITIATED ACT ON THE REGULAR GENERAL ELECTION BALLOT; TO PROVIDE AS A WHOLLY SEPARATE LOCAL BALLOT OPTION THE FOR PROFIT BUSINESS OPERATION OF PAY TO PLAY GAMES OF CHANCE, SKILL AND OFF TRACK PARI-MUTUEL WAGERING IN HOTELS, MOTELS, MOTOR LODGES, INNS AND OTHER SIMILAR BUSINESS WITH NO LESS THAN TEN THOUSAND SQUARE FEET OF ENCLOSED FLOOR SPACE OF WHICH NO MORE THAN TEN PERCENT OF THE OVER ALL ENCLOSED FLOOR SPACE SHALL BE USED FOR PAY TO PLAY GAMES OF CHANCE, SKILL AND OFF TRACK PARI-MUTUEL WAGERING, BUT SHALL EXCLUDE PAY TO PLAY BINGO AND RAFFLES FROM THE FOR PROFIT BUSINESS OPERATION IN HOTELS, MOTELS, INNS AND OTHER SIMILAR BUSINESSES, AS AN INITIATED ACT ON THE REGULAR GENERAL ELECTION BALLOT; TO PROVIDE AS A WHOLLY SEPARATE LOCAL BALLOT OPTION THE FOR PROFIT BUSINESS OPERATION OF PAY TO PLAY GAMES OF CHANCE, SKILL AND OFF TRACK PARI-MUTUEL WAGERING ON WATER VESSELS NO LESS THAN ONE HUNDRED FEET IN LENGTH ON NAVIGABLE WATER WAYS AND PUBLIC LAKES, BUT SHALL EXCLUDE PAY TO PLAY BINGO AND RAFFLES FROM THE FOR PROFIT OPERATION ON WATER VESSELS, AS AN INITIATED ACT ON THE REGULAR GENERAL ELECTION BALLOT; TO PROVIDE AS A WHOLLY SEPARATE LOCAL BALLOT OPTION THE FOR PROFIT BUSINESS OPERATION OF OFF TRACK PARI-MUTUEL WAGERING AS A WHOLLY SEPARATE BUSINESS AS AN INITIATED ACT ON THE REGULAR GENERAL ELECTION BALLOT; TO PROVIDE A CITY OF THE FIRST AND SECOND CLASS TO INITIATE AND ACCEPT OR REJECT AS A LOCAL BALLOT OPTION ANY OF THE AFOREMENTIONED LOCAL BALLOT OPTIONS WITHOUT THE SAME INITIATED LOCAL BALLOT OPTION BEING INITIATED AND ACCEPTED BY THE LEGAL VOTERS OF A COUNTY; TO PROVIDE A CITY OF THE FIRST AND SECOND CLASS TO INITIATE AND REJECT AS A LOCAL BALLOT OPTION ANY OF THE AFOREMENTIONED LOCAL BALLOT OPTIONS ACCEPTED AS A LOCAL BALLOT OPTION ON THE REGULAR GENERAL BALLOT BY THE LEGAL VOTERS OF A COUNTY; TO PROVIDE A CITY OF THE FIRST AND SECOND CLASS TO INITIATE AND ACCEPT AS A LOCAL BALLOT OPTION ANY OF THE AFOREMENTIONED LOCAL BALLOT OPTIONS HAVING BEEN REJECTED AS A LOCAL BALLOT OPTION ON THE REGULAR GENERAL BALLOT BY THE LEGAL VOTERS OF A COUNTY; TO PROVIDE THIS AMENDMENT TO BE SELF EXECUTING; TO PROVIDE SEVERABILITY AND TO REPEAL ANY STATUTES AND LAWS IN CONFLICT WITH THIS AMENDMENT
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so; or if the proposed popular name and ballot title are sufficiently misleading, he may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed ballot title due to several ambiguities in the text of your proposed measure. A number of additions or changes to your ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of these ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title pursuant to A.C.A. § 7-9-107 (b).
The following ambiguities must be clarified before I can perform my statutory duty:
 1. As with your previous submissions which resulted in Attorney General Opinions 99-388 and 99-402, subsection 1 of Section One (1) of your proposed measure authorizes an initiative petition in counties and cities for the operation of "games of skill, bingo, raffles and lotteries" by nonprofit organizations. (Emphasis added). This is also reflected in Section Two (2), which sets forth the ballot form. On the other hand, the following two subsections regarding hotels and water vessels authorize "games of chance and skill." As I noted in the previous opinions, while there appears to be an intent under these subsections to distinguish between "games of chance" and "skill," I am uncertain whether there is actually any distinction in light of the definition of these terms in Section Three (3) of the amendment. Games of "skill" could, it would seem, be included within the definition of "games of chance" under your proposal, and vice versa. If the intent is for there to be a substantive distinction between the activities authorized under these subsections, this should be clarified in Section (1) of the text, and in Section (2) with respect to the election ballot.
 2. It must also be noted that there is a discrepancy between the language of the text of your measure in Section (1), subsection 1 (authorizing "games of skill, bingo, raffles and lotteries") and your proposed ballot title. Unlike the text, the ballot title states that the amendment authorizes county and city voters to accept or reject the operation of "games of chance, bingo, raffles and lotteries" by nonprofit organizations. I cannot reconcile this discrepancy.
 3. An ambiguity also arises, in my judgment, under subsections 5 through 8 of Section (1) of your measure with regard to city initiatives. Your proposed ballot title states in relevant part in this regard that city voters may:
 . . . initiate and accept or reject as a local ballot option any of the aforementioned local ballot options without the same initiated local ballot option being initiated and accepted by the legal voters of a county[.] [Emphasis added.]
 Contrary to the suggestion in this ballot title language, however, the text of your proposed amendment makes no provision for the city voters to reject one of the local ballot options unless it has been accepted by the county voters. See Section (1), subsection 7 (stating that the voters of a city "shall have the right to reject any local ballot option as aforementioned accepted by the legal voters of a county[.] Emphasis added.) According to the text, the city voters can accept a local ballot option notwithstanding the fact that it has not been initiated and accepted by the county voters. (Section (1), subsection 6). And they can accept one that has been rejected by the county. (Section (1), subsection 8.) But there appears to be no provision for city voters to reject one that has not been voted on by the county. I cannot determine the actual intent given this discrepancy.
 4. There is also a discrepancy in the text itself between Section (1), subsections 2 and 3 (authorizing games of chance, skill and off track pari-mutuel wagering in hotels, motels, etc., and on water vessels, respectively), and Section (2), subsections 2 and 3 (setting forth, in substantial form, the election ballot for these options). Subsections 2 and 3 of Section (1) both exclude "pay to play bingo and raffles" from the authorized operations. However, the ballot form in both subsections 2 and 3 of Section (2) states that the operations "shall exclude bingo, raffles and lotteries. . . ." (Emphasis added). This language regarding "lotteries" is not reflected in your proposed ballot title. This must be clarified for proper summarization in the ballot title.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General